<u>NOT FOR PUBLICATION</u>                                    [Docket No. 1]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

LOCALBIZUSA, INC., by and
through JOHN W. HARGRAVE,
Chapter 7 Trustee,

      Appellant,

         v.

THOMAS J. FREUND, et al.,

      Appellees.

Civil No. 15-3976 (RMB)

**MEMORANDUM ORDER**

    This appeal arises from the Opinion and Order by the
Honorable Gloria M. Burns, United States Bankruptcy Judge,
dismissing multiple counts of the Amended Complaint in this
adversary proceeding filed by LocalBizUSA, Inc. through John W.
Hargrave, Chapter 7 Trustee (the "Trustee").  [Docket No. 1].

    On May 6, 2014, the Trustee instituted an adversary
proceeding on behalf of LocalBizUSA against Thomas J. Freund,
the CFO of LocalBizUSA, Patrick Giglio, the President of
LocalBizUSA, Jeffrey Rosenberg, Louis Freedman, North American
Marketing Tours, Inc. ("NAMT"), Intermediate Consulting and
Management Group, LLC ("ICMG"), and Unique Billing Solutions,
LLC ("UBS") (collectively the "Defendants").  On September 26,
2014, the Trustee filed an Amended Complaint (the "Complaint")

in the adversary proceeding.  The six counts alleged in the Complaint are as follows: Conspiracy against all Defendants (Count I); Breach of Fiduciary Duties against Defendants NAMT, Cahill, Rosenberg, Giglio, Freedman, and Freund (Count II); Fraudulent Conveyance Under New Jersey's Fraudulent Transfer Act, N.J.S.A. § 25:2-25 against Defendants NAMT, ICMG, and UBS (Count III); Common Law Fraud against all Defendants (Count IV); Breach of Contract against Defendants NAMT, ICMG, and UBS (Count V); and Negligence against Defendants NAMT and Freund (Count VI).  The Trustee asserts that the Defendants either entered into a common scheme or conspiracy to defraud LocalBizUSA and its creditors or, alternatively, breached their contractual and/or fiduciary duties in making and concealing such overpayments because, allegedly, the Defendants were fiduciaries at all relevant times, LocalBizUSA was insolvent at all times relevant to the Complaint, and the Defendants actively concealed the existence of the alleged overpayments from parties in interest by failing to file required financial reports.

In this appeal, the Trustee alleges that the Bankruptcy Court erred when it dismissed the Trustee's claims for Conspiracy (Count I), Recovery under the New Jersey Fraudulent Conveyance Statute (Count III), and Common Law Fraud (Count IV) as to all Defendants, and the Trustee's claim for Breach of

Fiduciary Duties (Count II) as to all Defendants except NAMT and Freund.

The first issue this Court must address is whether or not the Bankruptcy Court's Order was a "final order" under 28 U.S.C. § 158(a).  On November 5, 2015, this Court entered a Text Order directing the Trustee to respond to Appellees' contention that this Court was without jurisdiction to hear the appeal because the Bankruptcy Court's Order was not final.  [Docket No. 11]. In response, the Trustee first argues that the Order is final because the determination of finality in the bankruptcy context is a more pragmatic and less technical one.  See, e.g., 718 Arch St. Associates v. Blatstein (In re Blatstein), 192 F.3d 88, 94 (3d Cir. 1999).  Specifically, the Trustee avers that because the Debtors' claims are the only remaining assets of the estate, "the presence of all potentially liable parties in one case presents the best and most meaningful opportunity for enhancement of the bankruptcy estate's assets by increasing the likelihood of recovery."  Reply Br. at 6-7 [Docket No. 12].[1] Alternatively, even if the Order is not final, the Trustee argues that, when a notice of appeal is timely filed, the District Court may treat the notice of appeal as a motion for

---

[1] As the Court mentioned during the telephone conference on November 13, 2015, the Trustee's submission was untimely.  The Court expects full compliance with the Rules in future filings.

leave to appeal pursuant to Federal Rule of Bankruptcy Procedure 8004(d).  Pursuant to Bankruptcy Rule 8004(d), if an appellant files a timely notice of appeal of an interlocutory order but fails to file an accompanying motion for leave to appeal, "the district court may . . . treat the notice of appeal as a motion for leave and either grant or deny it."

This Court finds that the interests of justice dictate that the Trustee be granted leave to appeal.  As the Trustee correctly points out, all but two defendants and all but two causes of action have been dismissed with prejudice.  Except for Defendants Freund and NAMT, there are no remaining defendants.[2] Because the Complaint seeks to recover assets of the bankruptcy estate, it is in the interest of all parties that the litigation proceed with all possible parties and all possible claims.

Accordingly, having treated the Trustee's timely notice of appeal as a motion for leave to appeal, the Court will grant the motion, and has jurisdiction over the appeal of the Order.

On appeal, the Trustee raises several claims.  Because the Court finds that the Bankruptcy Court should have provided the

---

[2] Although the Bankruptcy Court's Order denied the motion to dismiss Count II as to Defendants Freund and NAMT, Count V as to Defendants NAMT, ICMG, and UBS, and Count VI as to Defendants Freund and NAMT, "[a] default has been entered against NAMT for its failure to answer or otherwise respond and . . . [a]ll other Defendants who could potentially have liability to the Debtor[] have been dismissed from the Adversary with prejudice."  Reply Br. at 2.

Trustee an opportunity to file a second amended complaint after dismissing the claims — an issue raised on appeal — this Court does not address the remaining arguments raised by the Trustee.

The Trustee contends that the Bankruptcy Court erred by not granting the Trustee additional time and opportunity to amend the complaint after dismissing several of the counts and defendants. Moreover, the Trustee argues, the Bankruptcy Court did not make a finding that an amendment would be futile or cause an undue delay, that the Trustee was acting in bad faith or with a dilatory motive or that he had repeatedly failed to cure deficiencies by amendment. Appellees counter that, despite having been granted an opportunity to amend the complaint before the Bankruptcy Court ruled on the Appellees' motion to dismiss, the Trustee failed to cure the initial deficiencies of the pleading.

The following summary is helpful. On July 21, 2014, the Defendants filed a Motion to Dismiss the original Adversary Complaint. On August 26, 2014, the Bankruptcy Court conducted a motions hearing and permitted the Trustee to file an amended complaint and carried the motion to dismiss. On September 11, 2014, the Trustee sought more time to amend the complaint, which the Defendants opposed. On September 23, 2014, the Bankruptcy Court continued the motions hearing once again and allowed the Trustee to file its amended complaint within three days, which

it did.  On May 14, 2015, the Bankruptcy Court issued an Opinion
dismissing the fraud counts in the Complaint on the grounds that
the fraud was not sufficiently pled.  Despite acknowledging that
the "particularity requirement is relaxed in bankruptcy
proceedings, particularly where the trustee — a third-party
outsider — is bringing the action[,]" the Bankruptcy Court held
that the Trustee failed to plead its fraud-based claims with
sufficient particularity.  Opinion at 11 [Docket No. 5-22].

The Bankruptcy Court also dismissed the breach of fiduciary
duty claim as to all Defendants, except NAMT and Freund, for
failure to allege the requisite elements of the claim.
Specifically, the Bankruptcy Court found that the Trustee
alleged no facts that "indicate that any of the Defendants
participated in any wrongdoing or had knowledge that the
payments were being made improperly," which are required
elements of an aiding and abetting breach of fiduciary duty
claim.  Id. at 14 (emphasis in original) (noting that elements
of aiding and abetting breach of fiduciary duty claim include
knowledge that another's conduct constituted a breach of
fiduciary duty and substantial assistance or encouragement to
another in committing that breach).

Importantly, the Bankruptcy Court did not set forth any
reasons why an amendment would be futile or otherwise
unjustified.  In this Court's view, the fact that the Bankruptcy

Court did not permit an amendment by dismissal without prejudice or set forth its reasons as to why leave to amend should not be granted is problematic.  The denial of leave to amend is reviewed for abuse of discretion.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

Federal Rule of Civil Procedure 15(a)(2), which is made applicable to adversary proceedings in Bankruptcy Court through Federal Rule of Bankruptcy Procedure 7015, provides that "court[s] should freely give leave [to amend] when justice so requires."  The Supreme Court has held, and the Third Circuit has reiterated, that while "the grant or denial of an opportunity to amend is within the discretion of the [trial court], . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules."  Foman v. Davis, 371 U.S. 178, 182 (1962); Burlington Coat, 114 F.3d at 1434.

Furthermore, "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a [trial court] must permit a curative amendment, unless an amendment would be inequitable or futile. . . . Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  Alston v. Parker,

363 F.3d 229, 235-36 (3d Cir. 2004).  This rule applies with
equal, if not more, force in the context of fraud-based claims
subject to the heightened pleading standard set forth in Rule
9(b).  See 5A Wright & Miller, Federal Practice and Procedure §
1300 (3d ed.) ("[I]n most instances, when a motion based on a
lack of sufficient particularity under Rule 9(b) is granted,
whether or not coupled with a motion to dismiss, it will be with
leave to amend the deficient pleading.  Thus, a failure to
satisfy Rule 9(b) will not automatically lead to dismissal of
the action, let alone one that leads to a judgment on the
merits.").

The Bankruptcy Court here dismissed the conspiracy,
fraudulent conveyance, and common law fraud claims against all
Defendants and the breach of fiduciary duty claim against all
Defendants except NAMT and Freund with prejudice.  In doing so,
the Bankruptcy Court made no determination that an amendment
would be futile or cause undue delay or prejudice, or that the
Trustee acted in bad faith or with dilatory motive.  See
Burlington Coat, 114 F.3d at 1434 ("Among the grounds that could
justify a denial of leave to amend are undue delay, bad faith,
dilatory motive, prejudice, and futility.").  This "outright
refusal" to allow the Trustee to amend these claims without any
justification is "an abuse of [the Bankruptcy Court's]

discretion and inconsistent with the spirit of the Federal Rules." Id. (quoting Foman, 371 U.S. at 182).

The Court is cognizant of the fact that the Bankruptcy Court previously granted the Trustee an opportunity to amend his complaint after the August 26, 2014 motions hearing, during which the court identified certain deficiencies in the original complaint. See, e.g., Aug. 26, 2014 Tr. 20:14-22 [Docket No. 5-27]. This, however, is not fatal to the Trustee's position. While it is possible that the Bankruptcy Court believed that since it had already given the Trustee an adequate opportunity to remedy his pleadings, granting him an additional opportunity to do so would cause undue delay or prejudice to the Defendants, "the court made no such determination, and [this Court] cannot make that determination on the record before [it]." See Burlington Coat, 114 F.3d at 1435.

Furthermore, the Bankruptcy Court addressed the original complaint's shortcomings in broad strokes only. Where the court provides the plaintiff with "a detailed roadmap for curing the deficiencies in their claims" and the plaintiff still fails to remedy those deficiencies, dismissal with prejudice may be an appropriate exercise of discretion. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 166 (3d Cir. 2004) (affirming district court's dismissal of second amended complaint with prejudice where district court had previously

dismissed first amended complaint with leave to amend and "provided Plaintiffs with a detailed blueprint of how to remedy the defects in their claims" but plaintiffs "utterly failed to comply with the District Court's directives."). The Bankruptcy Court's generalized comments regarding the deficiencies of the original complaint, however, cannot be characterized as a "detailed blueprint" or "roadmap."

As this Court is "hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings," the Trustee "should be afforded an additional, albeit final opportunity to conform the pleadings" to the requirements set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and, in the case of the fraud-based claims, as set forth in Rule 9(b). The Bankruptcy Court's Order will be vacated and the matter will be remanded with instructions to the Bankruptcy Court to either (i) grant the Trustee a final opportunity to further amend his complaint or (ii) justify the reasons why an amendment would be futile or otherwise unwarranted.

Accordingly, for the foregoing reasons,

IT IS HEREBY on this **24th** day of **November 2015**,

**ORDERED** that the Appellant's notice of appeal is treated as a motion for leave to appeal and is **GRANTED**; and it is further

**ORDERED** that the Bankruptcy Court's Order is **VACATED**; and it is further

**ORDERED** that this matter shall be **REMANDED** to the Bankruptcy Court for the District of New Jersey with instructions to either (i) enter an Order dismissing the Amended Complaint without prejudice and with leave to amend or (ii) to provide further explanation as to the grounds, if any, that justify denial of leave to amend; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** the file in this matter.

s/Renée Marie Bumb_
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE